IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS CLINTON RHETT PLANTIKO, <br><br> Plaintiff, <br><br> vs. <br><br> MARC JOHNSON, HEATHER SMITH, MEGAN COY, and D.O.C., <br><br> Defendants. | CV 17-00049-M-DLC-JCL <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On September 19, 2017, this Court screened Plaintiff Travis Plantiko's Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and issued an Order finding that he had alleged sufficient facts to state a First Amendment claim against Defendant Johnson but his allegations regarding the remaining defendants were insufficient to state a claim. (Doc. 9 at 5.) He was given an opportunity to file an amended complaint and did so on October 17, 2017 raising just his First Amendment claim against Defendant Johnson. (Doc. 11.)

Accordingly, for the reasons set forth in the September 19, 2017 Order (Doc. 9), the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant

1

Johnson to waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendant Johnson chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall mail the following documents to Defendant Marc Johnson:

* Complaint (Doc. 2);
* Supplement (Doc. 8);
* Order dated September 19, 2017 (Doc. 9);
* Amended Complaint (Doc. 11);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation,

---

[1] The remaining Defendants will be recommended for dismissal and are not required to file a responsive pleading.

pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Plantiko <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Plantiko must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Heather Smith, Megan Coy, D.O.C., Loraine Wodnik, and Steve Bullock should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Plantiko may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of October, 2017.

Jeremiah C. Lynch
United States Magistrate

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Plantiko is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS CLINTON RHETT PLANTIKO, <br><br> Plaintiff, <br><br> vs. <br><br> MARC JOHNSON, HEATHER SMITH, MEGAN COY, and D.O.C., <br><br> Defendants. | CV 17-00049-M-DLC-JCL <br><br> Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Marc Johnson
2340 Mullan Road
Missoula, Montana 59808

A lawsuit has been filed against you under the number shown above. A copy of the Amended Complaint (Doc. 11) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served and you will

1

have 60 days from the date this notice is sent (see the date below) to answer the Amended Complaint (Doc. 11).

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Amended Complaint (Doc. 11) on you and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 18th day of October, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS CLINTON RHETT PLANTIKO,<br><br>Plaintiff,<br><br>vs.<br><br>MARC JOHNSON, HEATHER SMITH, MEGAN COY, and D.O.C.,<br><br>Defendants. | CV 17-00049-M-DLC-JCL<br><br><br>Rule 4 Waiver of Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Amended Complaint (Doc. 11). I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)