IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS CLINTON RHETT PLANTIKO, Plaintiff, vs. MARC JOHNSON, Defendant. | CV 17-00049-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Travis Plantiko is a state prisoner proceeding in forma pauperis and without counsel. On December 20, 2017, this Court issued a Scheduling Order requiring the parties to file an initial disclosure statement within 60 days. (Doc. 19.) On January 9, 2018, just 20 days later and prior to the submission of any disclosure statement and presumably before any discovery occurred, Defendant filed a Motion for Summary Judgment on the merits of Plantiko's claims. (Doc. 21.)

Because Plantiko did not file a disclosure statement and did not respond to Defendant's motion for summary judgment within the time afforded by Local Rule 7.1(d)(1), the Court issued an Order on April 24, 2018 requiring Plantiko show

1

cause on or before May 4, 2018 why this matter should not be recommended for dismissal with prejudice for failure to prosecute. (Doc. 32.) Plantiko was specifically advised that a failure to respond to the Order would result in a recommendation that this matter be dismissed with prejudice. *See Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)(a court may dismiss an action, with prejudice, for failure to obey a court order). Plantiko did not respond to the Court's Order.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.

2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plantiko's failure to file a disclosure statement, failure to respond to Defendant's motion for summary judgment, and failure to respond to the Court's April 24, 2018 Order suggests he is no longer interested in prosecuting this action. As such, this matter could linger indefinitely. This factor weighs in favor of dismissal.

The second factor also supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket and it cannot do so if Plantiko refuses to respond to Court Orders and refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendant. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the

3

rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Plantiko's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendant.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court gave Plantiko the opportunity to show cause why this matter should not be dismissed for failure to prosecute and warned him about the consequences of not responding to the Court's Order. (Doc. 32.) Plantiko did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. All pending motions should be terminated.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Plantiko is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.


Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of June, 2018.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge